UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60374-BLOOM/Valle

AVA LOFGREN, *f/k/a/ Nicholas Lofgren*,

      Plaintiff,

v.

THE BANK OF NEW YORK MELLON, *as Trustee, on behalf of the Holders of the Alternative Loan Trust 2005-76, Mortgage Pass-Through Certificates Series 2005-76*,

      Defendant.
_____/

## ORDER TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand and Incorporated Memorandum of Law, ECF No. [6] ("Motion"), filed on February 23, 2021. Defendant filed a response, ECF No. [25] ("Response"), to which Plaintiff filed a reply, ECF No. [30] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On October 12, 2020, Plaintiff filed the instant action against Defendant The Bank of New York Mellon ("Defendant") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida entitled *Lofgren v. The Bank of New York Mellon*, Case No. CACE-20-016832 ("Circuit Court Action"). ECF No. [1-2] at 4-16 ("Complaint"). The allegations in Plaintiff's two-count Complaint arise from the purportedly wrongful acts taken by Defendant in a prior mortgage foreclosure action filed in the Circuit Court of the Sixth Judicial Circuit in and For Pinellas County, Florida entitled *Bank of New York Mellon v. Nicholas Lofgren, et al.*, Case No.

2014-006410-CI ("Foreclosure Action"). *Id.*; *see also* ECF No. [1] ("Notice"). The Foreclosure Action resulted in a final judgment in favor of Defendant, which Plaintiff now "collaterally attack[s] in this new lawsuit." *Id.* at 2.

On February 16, 2021, Defendant removed the Circuit Court Action, pursuant to 28 U.S.C. § 1332, claiming that the Court has diversity jurisdiction over the case and that removal is timely because service has not been properly effectuated on Defendant. *See generally id.* Notably, Defendant also accuses Plaintiff's counsel of filing "dozens of nearly identical recent lawsuits" and "designing a scheme" to "obtain default judgments against prior foreclosure plaintiffs through defective service." *Id.* at 1-2. By way of background, the relevant timeline of the proceedings in the Circuit Court Action were as follows:

| | |
|---|---|
| **October 14, 2020** | Plaintiff serves Defendant with process, c/o CT Corporation System, Registered Agent |
| **November 3, 2020** | Defendant fails to respond to the Complaint |
| **November 4, 2020** | Plaintiff files Motion to Clerk's Default |
| **November 5, 2020** | Plaintiff files Motion for Final Summary Judgment after Default |
| **November 10, 2020** | Clerk's enters Default against Defendant |
| **November 11, 2020** | Plaintiff certifies that a copy of the Clerk's Default was sent to Defendant via U.S. Mail |
| **December 15, 2020** | Hearing set on Motion for Final Summary Judgment After Default and Final Hearing on Damages[1] |
| **January 15, 2021** | Defendant files Notice of Appearance |
| **February 16, 2021** | Defendant files Notice of Filing Notice of Removal |

*See* ECF No. [16-1].

Since removal of the Circuit Court Action, the parties have filed over a dozen submissions in support of their respective positions regarding the sufficiency of service of process and the

---

[1] Neither the docket sheet nor the documents contained therein indicate whether the December 15, 2020 hearing was actually held, or whether final judgment was entered in Plaintiff's favor. *See* ECF No. [16-1]. Thus, the Court assumes that final judgment was not entered in the Circuit Court Action.

timeliness of removal.[2] However, while not briefed by either party, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because the Final Judgment entered in the Foreclosure Action "is what is being collaterally attacked in this new lawsuit." ECF No. [1] at 2.

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction). *Rooker-Feldman* is "confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine applies to claims actually raised before the state court "and to those 'inextricably intertwined' with the state court's judgment." *Casale*, 558 F.3d at 1260. "[A] federal claim is considered inextricably intertwined with the state court

---

[2] *See* Motion, ECF No. [6]; Plaintiff's Request for Judicial Notice of BONY Annual Reports from 1995-2020, ECF No. [7]; Plaintiff's Request for Judicial Notice of BONYM SEC Filings, ECF No. [8]; Plaintiff's Notice of Filing Affidavit of Darrin Mish, ECF No. [9]; Plaintiff's Amended Request for Judicial Notice of BONYM Court Filings, ECF No. [11]; Plaintiff's Request for Judicial Notice of BONYM Service Challenges, ECF No. [12]; Plaintiff's Request for Judicial Notice of Broward County Case, ECF No. [13]; Plaintiff's Notice of Filing Affidavit of Lee Segal, ECF No. [14]; Defendant's Notice of Filing, ECF No. [15]; Plaintiff's Request for Judicial Notice of Aviram Case, ECF No. [17]; Plaintiff's Motion to Stay Adjudication of Any Service/Remand Issues Pending Deposition, Motion to Compel Defendant's Deposition, and Incorporated Memorandum of Law, ECF No. [18] ("Motion to Stay"); Defendant's Response, ECF No. [25] & [29]; Defendant's Response to Motion to Stay, ECF No. [26]; Plaintiff's Reply, ECF No. [30]; Plaintiff's Reply to Motion to Stay, ECF No. [31]; and Defendant's Motion to Quash Service of Process, Motion to Set Aside the Clerk's Default and Incorporated Memorandum of Law, ECF No. [32].

judgment: (1) where the success of the federal claim would 'effectively nullify' the state court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (quoting *Casale*, 558 F.3d at 1260)).

In its Notice, Defendant maintains that "should Plaintiff claim the *Rooker-Feldman* doctrine bars this removal due to the entry of the state court default judgment, it [would] be an improper allegation of the doctrine." ECF No. [1] at 6. While it may be true that the entry of the Clerk's Default in the Circuit Court action may not bar removal, the entry of Final Judgment in the Foreclosure Action certainly does. Indeed, Defendant explicitly acknowledges that the Complaint challenges issues that "were at the core of the Foreclosure Action and as such, were conclusively resolved by a court of competent jurisdiction." *Id.* at 2.

Here, Plaintiff's claims could only succeed if the Pinellas County Court erroneously entered final judgment in favor of Defendant in the Foreclosure Action. Specifically, the Complaint asserts two counts against Defendant for violations of Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.101, *et seq.*, and fraudulent misrepresentation, alleging that "Defendant's filing of the [Foreclosure Action] and its prosecution thereof was fraudulent, illegal, and perjurious, *rendering the entire proceedings and any rulings emanating from it, void*." Compl. ¶ 21 (emphasis added); *see also id.* ¶¶ 22-24 (alleging that "Defendant was neither the owner nor the holder of the Note[,]" any attempts to foreclose were expressly barred because "all such claims were fully paid and released and jurisdiction of those claims lied exclusively in New York[,]" and the foreclosure action was brought in the name of certificate holders, who "did not authorize the Lawsuit, benefit from it, or even know it had been filed."). In filing the instant suit, Plaintiff is effectively seeking to "invalidate the [Foreclosure Action] by ruling that the state court

Case No. 21-cv-60374-BLOOM/Valle

foreclosure judgment is somehow void." *Distant v. Bayview Loan Servicing, LLC*, No. 09-61460-CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1323 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (lawsuit barred by *Rooker-Feldman* doctrine because "Plaintiff's claims can only succeed if the Court implicitly or explicitly determines the Florida state court wrongly decided the foreclosure issue."); *Aboyade-Cole Bey v. BankAtlantic*, No. 6:09-CV-1572, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (holding that the court lacked jurisdiction under the *Rooker-Feldman* doctrine because th[e] case, at its core, is an attempt by [plaintiff] to appeal the decision of the state court permitting [defendant] to foreclose on her home."). For this reason, the Court lacks jurisdiction and remand is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [6]**, is **GRANTED**.
2. The above-styled case is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.
3. All pending motions are **DENIED** as moot.
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record